# CHICAGO HOUSING AUTHORITY
# OFFICE OF THE GENERAL COUNSEL

**I,** *Rose M. Allen,* **received the attached** *Summons and Complaint for Declaratory, Injunctive and Other Relief.*

**Case Name(s):**     Selena Sandoval v. Chicago Housing Authority.

**Case Number:**     15-CH 12259

On behalf of the Chicago Housing Authority, Service of the attached document(s)

was made on the 18th day of August, at 11:10 a.m. at 60 East Van Buren

Street, 12th Floor, Chicago, IL 60605, via personal delivery.

_____
Rose M. Allen

The attached document(s) was delivered to Anibal Espinola on August 18, 2015.



| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

SELENA SANDOVAL

No. 2015-CH-12259

_____ (Name all parties)

v.

**Defendant Address:**

CHICAGO HOUSING AUTHORITY

CHICAGO HOUSING AUTHORITY
60 EAST VAN BUREN
CHICAGO. IL 60605

**Summons**

To each Defendant:  ☑ **SUMMONS**   ☐ **ALIAS - SUMMONS**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** ____802____ ,Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | | |
|---|---|---|
| Atty. No.: | 91017 | WITNESS, Friday, 14 August _____ 2015 |
| Name: | LEGAL ASST FDN METRO CHI | |
| Atty. for: | SELENA SANDOVAL | /s DOROTHY BROWN Clerk of Court |
| Address: | 120 S LASALLE #900 | |
| City/State/Zip: | CHICAGO, IL 60603 | Date of service: 8/18/15 |
| Telephone: | (312) 341-1070 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
CALENDAR: 02
PAGE 1 of 19
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| Selena Sandoval, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| Chicago Housing Authority, | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

### PRELIMINARY STATEMENT

1.     Plaintiff Selena Sandoval is an applicant to the Section 8 Housing Choice Voucher

Program (Voucher Program), pursuant to Section 8 of the United States Housing Act of 1937

("Housing Act"), 42 U.S.C. § 1437f.   Defendant Chicago Housing Authority (CHA) called

Plaintiff from the waiting list, found Plaintiff eligible for the Voucher Program, and approved

Plaintiff for participation in the Voucher Program by issuing Plaintiff a Housing Choice

Voucher.   Despite Plaintiff's best efforts, she was unable to use the vouchers before the

expiration date.   Defendant terminated Plaintiff's participation in the Voucher Program and

removed them from the waiting list without cause and without an opportunity for a hearing in

violation of the Fourth and Fourteenth Amendment to the United States Constitution, Illinois

Constitution, and the Housing Act.

2.     Plaintiff seeks a declaration that Defendant violated her rights under the Fourth and

Fourteenth Amendment of the United States Constitution, Illinois Constitution, and the Housing

Act, injunctive relief restoring them to the Voucher Program, compensatory and nominal

damages, and attorneys' fees.   Plaintiff states her claims pursuant to 42 U.S.C. § 1983.

3.     This action arises under the U.S. and Illinois Constitutions and laws of the United States,

specifically, the Due Process Clause of the Fourteenth Amendment to the United States

Constitution, prohibition against unreasonable seizure under the Fourth Amendment to the

United States Constitution, Illinois Constitution, art. I, § 2, the Housing Act, as amended, 42

U.S.C. §§ 1437d and 1437f, certiorari, and mandamus.

4.      This Court also has jurisdiction pursuant to 42 U.S.C. § 1983, which prohibits the

deprivation of constitutional rights or rights secured by the laws of the United States by persons

acting under the color of state law.

<strong>PARTIES</strong>

5.      Plaintiff Shameka Payne resides in Chicago, Illinois.  She is a low-income adult who was

on the waiting list for the CHA voucher since about 2005.  She received a subsidy voucher from

CHA on about July 25, 2014. On information and belief, her move voucher "expired" on October

22, 2014.

6.      Defendant Chicago Housing Authority is an Illinois municipal corporation, created and

existing under the Housing Authorities Act, 310 ILCS § 10/1 et seq.   It is a public housing agency

(PHA) as defined in the Housing Act and authorized to administer the Voucher Program in

Chicago, Illinois.

<strong>STATUTORY AND REGULATORY FRAMEWORK</strong>

7.      The Fourteenth Amendment to the United States Constitution provides, in relevant part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of

citizens of the United States; nor shall any State deprive any person of life, liberty, or property,

without due process of law; nor deny to any person within its jurisdiction the equal protection of

the laws."  U.S. Const. Amend. XIV, § 1.

8.      The Fourth Amendment to the United States Constitution guarantees "[t]he right of the

people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures."  U.S. Const. Amend. IV.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 2 of 19

2

9.     Similarly, the Illinois Constitution provides, "No person shall be deprived of life, liberty or property without due process of law . . . ."   Ill. Const. 1970, art I, § 2.

10.    42 U.S.C. § 1983 provides:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

11.    Congress established the Voucher Program to aid "low-income families in obtaining a decent place to live and [promote] economically mixed housing."   42 U.S.C. § 1437f(a).

12.    Congress delegated to the Secretary of Housing and Urban Development (HUD) the responsibility to implement regulations for the administration of the Voucher Program.   42 U.S.C. § 1437f(g).

13.    Congress required HUD to promulgate regulations that require each PHA to establish and implement an administrative grievance procedure under which tenants will be advised of the specific grounds of any proposed adverse public housing agency action; have an opportunity for a hearing before an impartial party upon timely request; have an opportunity to examine any documents or records or regulations related to the proposed action; are entitled to be represented by another person of their choice at any hearing; are entitled to ask questions of witnesses and have others make statements on their behalf; and be entitled to receive a written decision by the public housing agency on the proposed action.   42 U.S.C. § 1437d(k).

14.    The Voucher Program regulations are codified by 24 C.F.R. Part 982 and administered by PHAs.   24 C.F.R. § 982.1(a).

15.    When an applicant is called from the waiting list, the PHA meets with the applicant,

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 3 of 19

collects necessary information and documentation, and determines the applicant's eligibility. 24 C.F.R. § 982.201(e).

16.    If an applicant called from the waiting list is denied assistance, the PHA must provide notice and an opportunity for an informal review (due process hearing). 24 C.F.R. § 982.201(f)(1); 24 C.F.R. § 982.554(a) and (b).

17.    The PHA may only deny the housing subsidy for the reasons set forth at 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a), including illegal drug use, other criminal activity, alcohol abuse that would threaten other residents, being evicted from subsidized unit, failing to sign necessary consent, failing to submit evidence of citizenship, violating family obligations, being convicted of fraud or bribery in connection with a housing program, failing to reimburse the CHA for any money owed, failing to engage in the family self-sufficiency program, failing to participate in the welfare to work program. See 24 C.F.R. § 982.201(f)(2).

18.    The initial term of a voucher must be at least 60 calendar days. The initial term must be stated on the voucher. At its discretion, the PHA may grant a family one or more extensions of the initial voucher term in accordance with PHA policy as described in the PHA administrative plan. Any extension of the term is granted by PHA notice to the family. The PHA policy may or may not provide for suspension of the initial or any extended term of the voucher. At its discretion, and in accordance with PHA policy as described in the PHA administrative plan, the PHA may grant a family a suspension of the voucher term if the family has submitted a request for approval of the tenancy during the term of the voucher. The PHA may grant a suspension for any part of the period after the family has submitted a request for approval of the tenancy up to the time when the PHA approves or denies the request. 24 C.F.R. § 982.303.

19.    The PHA may not give approval to the family of the assisted tenancy or execute a

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 4 of 19

4

Housing Assistance Payments (HAP) contract until the PHA has determined that all the following program requirements are met: the unit is eligible; the unit has been inspected by the PHA and passes Housing Quality Standards (HQS); the lease includes the HUD-prescribed tenancy addendum; the rent to the landlord is reasonable; and the family's share of the rent does not exceed 40 percent of the family's monthly adjusted income.

20.     Before the lease begins, the PHA must inspect the unit and determine that it satisfies the HQS, and the landlord and the tenant must have executed the lease (including the HUD-prescribed tenancy addendum, and the lead-based paint disclosure information). The Voucher Program regulations allow a participant to move into a unit once it has passed inspection, but before the HAP contract is signed. 24 C.F.R. § 982.305.

21.     Participation in the Voucher Program is not time-limited. A family may continue in the program as long as they remain income eligible unless they are terminated from the program for cause as indicated in 24 C.F.R. § 982.552(b) (governing mandatory bases for termination) or 24 C.F.R. § 982.552(c) (governing discretionary bases for termination).

22.     In either instance, a participant's subsidy may only be terminated through the process explained in 24 C.F.R. § 982.555. Any denial of assistance for an applicant must comply with 24 C.F.R. § 982.554.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 5 of 19

## STATEMENT OF FACTS

23.     Plaintiff Selena Sandoval is a low-income adult who was on the waiting list for the CHA voucher since about 2008.

24.     She received a subsidy voucher from CHA on about July 11, 2014. On information and belief, her move voucher "expired" on November 7, 2014.

25.    On the same day she received her voucher from CHA, Ms. Sandoval also requested that CHA port her voucher to the HACC.

26.    Ms. Sandoval did not receive the voucher from the HACC until October 9, 2014, almost three months after her request to port, and it was set to expire on November 7, 2014—just 31 days later.

27.    Ms. Sandoval gave her paperwork to a prospective landlord in early November. Unfortunately, that landlord did not submit her voucher to the HACC right away and by the time he did submit the paperwork, the voucher had expired.

28.    Ms. Sandoval learned of this in the middle of December 2014 and immediately contacted CHA for an extension on or about December 18, 2014; however, CHA has never responded in writing to Ms. Sandoval's request.

29.    Ms. Sandoval also never received any informal hearing/review to contest CHA's refusal to respond to her request for an extension or the assumed expiration of her voucher.

30.    Currently, Ms. Sandoval and her three minor children are sharing one bedroom in a friend's house.

31.    As of the date of this filing, Plaintiff has not received a further extension on her voucher, a new voucher, proper termination notice, or any informal review (due process hearing) regarding the loss of the subsidy.

32.    Defendant's refusal to issue a new voucher or, in the alternative, extend the old voucher effectively constitutes Defendant's refusal to enter into a HAP contract for Plaintiff.   24 C.F.R. §982.552(a)(3).

33.    Plaintiff has not committed any program violation that could be the basis for termination as provided in 24 C.F.R. §§ 982.552(b), 982.552(c) or 982.553(a).

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 6 of 19

34.    Defendant's actions in terminating Plaintiff's participation in the Voucher Program are contrary to law and federal regulations.   These actions violated Plaintiff's rights in that her property interest in the Section 8 subsidy was terminated on the basis of "expiration" of the move voucher, a ground for termination which does not exist in the regulations.

35.    Defendant denied Plaintiff a notice containing a brief statement of the reasons that CHA was denying the assistance.   Further, Defendant failed to notify Plaintiff of her right to an informal review or the procedure by which to request an informal review, and in situations in which Plaintiff requested an informal review, the request was denied.

36.    The regulations indicate under what circumstances a PHA need not offer an informal hearing.   Specifically, 24 C.F.R. § 982.554(c)(4) provides that a PHA's decision whether to approve an extension or suspension of a voucher term does not require an informal hearing.

37.    The items listed in 24 C.F.R. § 982.554(c), however, do not require an informal hearing because they address administrative processes.   As such, none of these items would result in the termination, loss, or removal of a family's housing subsidy.

38.    The only permissible, constitutional reading of 24 C.F.R. § 982.554(c)(4) is that it authorizes CHA to make an administrative decision between either a) granting a participant an extension on the voucher and b) issuing a new voucher.   That regulation cannot be used to deny a participant family their subsidy without due process, and to the extent that it can, it should be declared unconstitutional as applied by CHA and contrary to 42 U.S.C. § 1437d(k).

39.    Plaintiff has an interest in Defendant administering the Voucher Program in accordance with its Administrative Plan, federal regulations, and constitutional law.

40.    Plaintiff cannot afford to pay the full market rent and utility charges for safe and sanitary housing without assistance from the Voucher Program.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 7 of 19

7

## CLAIMS FOR RELIEF

## COUNT I – DEPRIVATION OF DUE PROCESS

41.     Plaintiff incorporates paragraphs 1 through 40 as if fully set forth herein.

42.     Plaintiff states a claim for relief for Defendant's violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which is actionable pursuant to 42 U.S.C. § 1983, and the Illinois Constitution, art I, § 2.

43.     Once Plaintiff was called from the waiting list, deemed eligible for the Voucher Program, and given a voucher, Plaintiff had a property interest in their continued participation in the Voucher Program, as the term "property" is understood in relation to the Fourteenth Amendment of the United States Constitution.

44.     Defendant is a "person" under 42 U.S.C. § 1983.

45.     Defendant acted "under color" of state law under 42 U.S.C. § 1983.

46.     Defendant terminated Plaintiff's participation in the Voucher Program without providing proper notice of this decision or any opportunity for a pre-termination hearing (informal review). In doing so, Defendant violated rights secured to Plaintiff by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Illinois Constitution, art. I, § 2.

47.     Defendant effectively terminated Plaintiff's participation in the Voucher Program for "expiration" of the move voucher even though Plaintiff remained eligible for the Voucher Program.  Defendant did not terminate Plaintiff for a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a).  In doing so, Defendant violated the due process clause of the Fourteenth Amendment to the United States Constitution and the Illinois Constitution, art. I, § 2.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 8 of 19

8

48.     Plaintiff has been harmed and will continue to be harmed by Defendant's actions and is entitled to injunctive and declaratory relief and monetary damages.

49.     An actual controversy exists between CHA and Plaintiff concerning their rights, privileges, and obligations in that Plaintiff has contended that CHA's actions have violated and will continue to violate Plaintiff's rights under federal law.

WHEREFORE, Plaintiff request that this Court:

A.      Issue a preliminary and permanent injunction ordering Defendant to reinstate Plaintiff's participation in the Voucher Program and issue new move vouchers to them;

B.      Issue a declaratory judgment, pursuant to 735 ILCS 5/2-701, declaring that:

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 9 of 19

1.  The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a move voucher, including Plaintiff, with notice and a hearing (informal review) violates the due process clause of the Fourteenth Amendment to the United States Constitution and the Illinois Constitution, art. I, § 2;

2.  Termination of participation in the Voucher Program, including Plaintiff's participation, for expiration of a move voucher without a proper basis as set forth in the enumerated grounds for termination or denial in 24 C.F.R. § 982.201(f)(2) (i.e. 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a)) violates the due process clause of the Fourteenth Amendment to the United States Constitution and the Illinois Constitution, art. I, § 2;

3.  The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a voucher, including Plaintiff, with notice and a hearing (informal review) violates 24 C.F.R. § 982.554(a) and (b);

9

4. To the extent that 24 C.F.R. § 982.554(c) authorizes a PHA, including CHA, to terminate or withhold the property interest of a person in Plaintiff's position in the Voucher Program without notice or any opportunity to be heard because of "expiration," it violates the due process clause of the Fourteenth Amendment and the Illinois Constitution, art. I, § 2;

C. Permanently enjoin Defendant from terminating Plaintiff from the Voucher Program without granting due process as required by the Fourteenth Amendment to the United States Constitution, the Illinois Constitution, art. I, § 2, and 24 C.F.R. § 982.554;

D. Permanently enjoin Defendant from terminating Plaintiff from the Voucher Program without a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. §§ 982.552 (b), 982.552(c), or 982.553(a), as required by the Fourteenth Amendment to the United States Constitution, the Illinois Constitution, art. I, § 2, and 24 C.F.R. § 982.554;

E. Award Plaintiff any compensatory and/or nominal damages she incurred as a result of Defendant's termination without due process;

F. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. Grant such other and further relief as this Court deems just and proper.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 10 of 19

## COUNT II – VIOLATION OF THE FOURTH AMENDMENT

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

52. Plaintiff states a claim for relief for Defendant's unreasonable seizure in violation of Fourth Amendment to the United States Constitution, which is actionable pursuant to 42 U.S.C. § 1983.

53. Once Plaintiff was called from the waiting list, deemed eligible for the Voucher Program, and given a voucher, Plaintiff had a property interest in her continued participation in the Voucher Program, as the term "property" is understood in relation to the Fourth Amendment of the United States Constitution.

54. Defendant is a "person" under 42 U.S.C. § 1983.

55. Defendant acted "under color" of state law under 42 U.S.C. § 1983.

56. Defendant illegally seized Plaintiff's right to participate in the Voucher Program without providing proper notice of this decision or any opportunity for a pre-termination hearing (informal review). In doing so, Defendant violated rights secured to Plaintiff by the Fourth Amendment to the United States Constitution.

57. Under the Fourth Amendment, a seizure of property occurs if there is some meaningful interference with an individual's possessory interest in that property.

58. Plaintiff had a possessory interest in her participation in the Voucher Program.

59. Defendant, through its nonconformity with federal regulations and constitutional due process guarantees, unreasonably and meaningfully interfered with Plaintiff's property interest by terminating her interest in participating in the Voucher Program.

60. Accordingly, Defendant violated the Fourth Amendment.

61. Plaintiff has been harmed by Defendant's actions and are entitled to injunctive and declaratory relief and monetary damages.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 11 of 19

11

62.     An actual controversy exists between CHA and Plaintiff concerning their rights, privileges, and obligations since Plaintiff has contended that CHA's actions have violated and will continue to violate Plaintiff's rights under federal law.

WHEREFORE, Plaintiff requests that this Court:

A.      Issue a preliminary and permanent injunction ordering Defendant to reinstate Plaintiff's participation in the Voucher Program and issue a new move voucher to her;

B.      Issue a declaratory judgment, pursuant to 735 ILCS 5/2-701, declaring that:

1. The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a move voucher, including Plaintiff, with notice and a hearing (informal review) violates the prohibition against illegal seizure under the Fourth Amendment to the United States Constitution;

2. Termination of participation in the Voucher Program, including Plaintiff's participation, for expiration of a move voucher without a proper basis as set forth in the enumerated grounds for termination or denial in 24 C.F.R. § 982.201(f)(2) (i.e. 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a)) violates the prohibition against illegal seizure under the Fourth Amendment to the United States Constitution;

3. The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a voucher, including Plaintiff, with notice and a hearing (informal review) violates 24 C.F.R. § 982.554(a) and (b);

4. Termination of an applicant who has been called from the waiting list, determined to be eligible, and issued a voucher, including Plaintiff, without a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. § 982.201(f)(2)

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 12 of 19

12

(i.e. under 24 C.F.R. §§ 982.552(b) 982.552(c) or 982.553(a)) violates the prohibition against illegal seizure under the Fourth Amendment to the United States Constitution; and to the extent that 24 C.F.R. § 982.554(c) authorizes a PHA, including CHA, to terminate or withhold the property interest of person in Plaintiff's position in the Voucher Program subsidy without notice or any opportunity to be heard because of "expiration," it violates the prohibition against illegal seizure under the Fourth Amendment to the United States Constitution;

C.     Permanently enjoin Defendant from terminating Plaintiff from the Voucher Program in violation of the prohibition against illegal seizure under the Fourth Amendment to the United States Constitution;

D.     Award Plaintiff any compensatory and/or nominal damages she may incur as a result of Defendant's termination without due process;

E.     Award Plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

F.     Grant such other and further relief as this Court deems just and proper.

## COUNT III – VIOLATION OF UNITED STATES HOUSING ACT OF 1937

63.     Plaintiff incorporates paragraphs 1 through 62 as if fully set forth herein.

64.     Plaintiff states a claim for relief for Defendant's violation of the Housing Act, 42 U.S.C. § 1437 et seq., including 42 U.S.C. § 1437d(k) and the Voucher Program implementing regulations, 24 C.F.R. 982.   These violations are actionable pursuant to 42 U.S.C. § 1983.

65.     Defendant is a "person" under 42 U.S.C. § 1983.

66.     Defendant acted "under color" of state law under 42 U.S.C. § 1983.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 13 of 19

67.     Defendant terminated Plaintiff's participation in the Voucher Program without providing proper notice of its decision or an opportunity for a pre-termination hearing (informal review). In doing so, Defendant violated rights secured to Plaintiff by 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.554(a) and (b).

68.     Defendant terminated Plaintiff's participation in the Voucher Program for "expiration" of the move voucher and did not terminate Plaintiff for a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a).   In doing so, Defendant violated 42 U.S.C. § 1437d(k), 24 C.F.R. § 982.201(f)(2), 24 C.F.R. §§ 982.552 and 982.553(b).

69.     Plaintiff has been harmed and will continue to be harmed by Defendant's actions and is entitled to injunctive and declaratory relief and monetary damages.

70.     An actual controversy exists between CHA and Plaintiff concerning their rights, privileges, and obligations because Plaintiff has contended that CHA's actions have violated and will continue to violate Plaintiff's rights under federal law.

WHEREFORE, Plaintiff requests that this Court:

A.     Issue a preliminary and permanent injunction ordering Defendant to reinstate Plaintiff's participation in the Voucher Program and issue a new move voucher;

B.     Issue a declaratory judgment, pursuant to 735 ILCS 5/2-701, declaring that:

　　　　1. The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a move voucher, including Plaintiff, with notice and a hearing (informal review) violates the U.S. Housing Act of 1937;

　　　　2. Termination of participation in the Voucher Program, including Plaintiff's participation, for expiration of a move voucher without a proper basis as set forth

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 14 of 19

in the enumerated grounds for termination or denial in 24 C.F.R. § 982.201(f)(2) (i.e. 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a)) violates the U.S. Housing Act of 1937;

3. The failure to provide an applicant who has been called from the waiting list, determined to be eligible, and issued a voucher, including Plaintiff, with notice and a hearing (informal review) violates 42 U.S.C. § 1437d(k) and 24 C.F.R. §§ 982.554(a) and (b);

4. Termination of an applicant who has been called from the waiting list, determined to be eligible, and issued a voucher, including Plaintiff, without a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. § 982.201(f)(2) (i.e. under 24 C.F.R. §§ 982.552(b) 982.552(c) or 982.553(a)) violates 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.554(a) and (b); and to the extent that 24 C.F.R. § 982.554(c) authorizes a PHA, including CHA, to terminate or withhold the property interest of persons in Plaintiff's position in the Voucher Program subsidy without notice or any opportunity to be heard because of "expiration," it violates 42 U.S.C. § 1437d(k);

C. Preliminarily and permanently enjoin Defendant from terminating Plaintiff from the Voucher Program without granting them due process required by 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.554;

D. Preliminarily and permanently enjoin Defendant from terminating Plaintiff from the Voucher Program without a proper basis as set forth in the enumerated grounds for termination in 24 C.F.R. §§ 982.552 (b), 982.552(c), or 982.553(a), as required by 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.554;

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 15 of 19

15

E.   Award Plaintiff any compensatory and/or nominal damages they may incur as a result of Defendant's actions;

F.   Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G.   Grant such other and further relief as this Court deems just and proper.

### COUNT IV – PETITION FOR CERTIORARI

71.   Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein.

72.   Plaintiff seeks judicial review on certiorari, as provided by common law, of CHA's final administrative decision to terminate their participation in the Housing Choice Voucher Program.

73.   CHA's decision to terminate Plaintiff's participation in the program and remove from the waiting list is contrary to law since the regulations do not provide a basis for termination because of voucher expiration and CHA failed to give a proper notice or opportunity for a hearing (informal review), against the manifest weight of the evidence, and constitutes a "penalty" that outweighs the "crime" of not being able to find adequate housing within the time allotted.

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 16 of 19

WHEREFORE, Plaintiff requests that this Court:

A.   Order CHA to file a record of the proceedings;

B.   Reverse CHA's decision to terminate Plaintiff's right to participate in the Housing Choice Voucher Program;

C.   Reinstate Plaintiff to the Voucher Program;

D.   Order CHA to issue moving papers and a new move voucher to Plaintiff; and

E.   Grant such other relief as may be equitable and just.

### COUNT V – MANDAMUS

74.   Plaintiffs incorporates paragraphs 1 through 73 as if fully set forth herein.

16

75. Pursuant to Article XIV of the Illinois Code of Civil Procedure, Plaintiff complains against Defendant Chicago Housing Authority.

76. As stated above, the only permissible, constitutional reading of regulation 24 C.F.R. § 982.554(c)(4) is that it authorizes CHA to make an administrative decision between either a) granting a participant an extension on the voucher and b) issuing a new voucher. That regulation cannot be used to deny a participant family due process, and to the extent that it can, it should be declared unconstitutional as applied and contrary to 42 U.S.C. § 1437d(k).

77. The PHA may only deny the housing subsidy for the reasons set forth at 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a). See 24 C.F.R. § 982.201(f)(2).

78. Any denial of assistance for an applicant must comply with 24 C.F.R. § 982.554.

79. As of this filing, CHA has failed to issue either an extension on the voucher to Plaintiff and has also failed to issue a new voucher to Plaintiff.

80. As of this filing, CHA has not complied with 24 C.F.R. § 982.201(f)(2) by denying Plaintiff's housing subsidy for a reason that is not enumerated in 982.552(b), 982.552(c), or 982.553(a).

81. As of this filing, CHA has not afforded Plaintiff proper notice and an opportunity for hearing as required by 24 C.F.R. § 982.554.

82. While CHA has discretion in deciding whether to either issue an extension on a current voucher or issue a new voucher to Plaintiff, it does not have discretion to choose neither option and deny the subsidy.

83. According to 24 C.F.R. § 982.201(f)(2), CHA has no discretion to deny Plaintiff's subsidy for a reason outside of those found at 982.552(b), 982.552(c), or 982.553(a).

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 17 of 19

17

84. CHA does not have discretion in terminating the housing subsidy to Plaintiff without due process as afforded by the federal and state Constitutions.

85. Plaintiff has a clear right to receive either a new voucher or a voucher extension.

86. Plaintiff has a clear right under 24 C.F.R. § 982.201(f)(2), to be denied the housing subsidy only for those reasons found at 982.552(b), 982.552(c), or 982.553(a).

87. Plaintiff has a clear right to the housing subsidy unless she is terminated in accordance with due process, having received a proper notice and opportunity to be heard.

88. CHA clearly has the authority to either issue a new voucher to Plaintiff or to issue extensions on the vouchers to Plaintiff.

89. CHA clearly has authority to stop denying the Plaintiff the housing subsidy except for those reasons found at 24 C.F.R. §§ 982.552(b), 982.552(c), or 982.553(a).

90. CHA clearly has the authority to afford Plaintiff due process, by issuing a proper notice and opportunity to be heard.

91. Plaintiff will continue to suffer harm from CHA's refusal to 1) issue new vouchers or extensions, 2) deny assistance only in accordance with 24 C.F.R. § 982.201(f)(2), and 3) afford Plaintiff due process.

WHEREFORE, Plaintiff request that this Court:

A. Enter an order compelling CHA to either issue new vouchers or extensions on the vouchers to Plaintiff;

B. Enter an order compelling CHA to deny assistance only in accordance with 24 C.F.R. § 982.201(f)(2);

C. Or, in the alternative, enter an order compelling CHA to afford Plaintiff proper notice and an opportunity for an informal review;

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 18 of 19

D. Enter an order in favor of Plaintiff and against CHA for damages and costs associated with this action; and

E. Grant such other relief as may be just and equitable.

Respectfully submitted,

s/ Julie Harcum Brennan
One of the Attorneys for Plaintiff

Julie Harcum Brennan
Sarah Song
Lea Weems
LAF -- LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL   60603
(312) 347-8383

Dated:   August 14, 2015

ELECTRONICALLY FILED
8/14/2015 3:22 PM
2015-CH-12259
PAGE 19 of 19

19